IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-175-FL
NO. 5:11-CV-418-FL

| | |
|---|---|
| DESMOND LAMONT GARRETT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | ORDER |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE 56) regarding petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 43, 47) and respondent's motion to dismiss (DE 52). The magistrate judge recommends the court grant respondent's motion to dismiss and deny petitioner's motion to vacate. Petitioner objected to the M&R, and respondent filed a response to petitioner's objection. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court overrules petitioner's objections and grants respondent's motion to dismiss.

## STATEMENT OF THE CASE

On June 11, 2008, petitioner was charged with armed bank robbery in violation of 18 U.S.C. § 2113. On October 7, 2008, petitioner entered a plea of guilty, pursuant to a plea agreement, to the indictment. On March 12, 2009, this court sentenced petitioner to a term of one hundred fifty (150) months imprisonment. Petitioner then appealed his conviction and sentence to the Fourth Circuit

Court of Appeals. The court of appeals affirmed petitioner's sentence, and dismissed petitioner's challenge to the calculation of his guideline range. See United States v. Garrett, 381 F. App'x 279, at *2 (4th Cir. June 4, 2010). Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied. See Garrett v. United States, 131 S.Ct. 370 (2010).

Petitioner filed his § 2255 petition on August 9, 2011. In his petition, petitioner asserts that he received ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and that his sentence violated 18 U.S.C. § 3553(a). On November 7, 2011, respondent filed a motion to dismiss petitioner's petition, and the matter was fully briefed.

On December 9, 2011, the court referred the matter to the magistrate judge. On January 6, 2012, the magistrate judge issued an M&R, finding that petitioner's § 2255 petition should be dismissed. On January 20, 2012, petitioner filed an objection to the M&R. Respondent responded to petitioner's objection to the M&R.

## DISCUSSION

A. Motion to Dismiss

1. Standard of Review

The district court conducts a *de novo* review of those portions of a Magistrate Judge's M&R to which specific objections are filed. See 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Upon careful review of the record, "the

2

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Because a proceeding to vacate a judgment of conviction is a civil collateral attack, the burden of proof rests upon petitioner to establish a denial of constitutional rights by a preponderance of the evidence. Johnson v. Zerbst, 304 U.S. 458, 468-69 (1938); Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

2. Analysis

a. Ineffective Assistance of Trial Counsel

Generally, a claim of ineffective assistance of counsel is resolved by application of the widely accepted two-part analysis announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must demonstrate that his counsel's acts or omissions fell outside the range of reasonably competent assistance. Id. at 690. If petitioner establishes this initial burden, he must then satisfy Strickland's second prong by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Where, as here, petitioner alleges ineffective assistance of counsel following the entry of a guilty plea, he must show that he would not have pleaded guilty and would have insisted on going to trial but for counsel's errors. See Hill v. Lockart, 474 U.S. 52, 59 (1975).

Petitioner argues that his trial counsel was ineffective because his attorney failed to investigate his mental competency. In support of his claim, petitioner argues that his attorney should have investigated his competency to proceed with his criminal action. The evidence in the record, however, indicates otherwise.

3

The minimum standard for effective assistance of counsel includes appropriate investigations, both legal and factual, to determine if a defense can be developed. United States v. Mooney, 497 F.3d 397, 403 (4th Cir. 2007). Reasonableness of investigation is evaluated by examination of the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354, 1363 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992). In order to obtain relief on a claim for failure to investigate a petitioner's mental competency, a petitioner must demonstrate a reasonable probability that he was mentally incompetent at the time of the crime or his plea. See e.g., Adams v. Ballard, No. 3:06–0382, 2012 WL 2872876, at *5 (S.D.W. Va. July 12, 2012); Felde v. Butler, 817 F.2d 281, 281 (5th Cir. 1987) (finding a petitioner satisfies the prejudice prong of the Strickland test "only if he demonstrates that there is a reasonable probability that but for [his counsel's] failure to seek a competency hearing, he would have been found incompetent to stand trial . . . .").

Applying these principles, it is evident that petitioner's claim of mental incompetence is refuted by the record and his own statements during prior proceedings. During the colloquy at his plea hearing, petitioner responded intelligently and succinctly to all of the magistrate judge's questions in eliciting his background, his awareness of the proceedings, his understanding of the plea agreement, his satisfaction with counsel, and the voluntariness of his plea. (DE 39, Tr. 15-17, 19-20, 22, 26-27, 33). Additionally, petitioner specifically informed the magistrate judge that he had been taking anti-depression medication for the past fifteen (15) to sixteen (16) years. Id. 15. Petitioner further informed the magistrate judge that the medication did not interfere with his ability to think or understand. Id. 16. Additionally, petitioner's counsel informed the court that petitioner has been treated for "low intellect," but that petitioner's condition did not interfere with petitioner's ability to understand the proceedings. Id. 17.

4

Considering the magistrate judge's careful examination of petitioner at the time he entered his plea as well as petitioner's own statements before this court, it is apparent that petitioner understood the proceedings and was fully capable of consulting with his attorney and assisting in his defense. Thus, there was no "reasonable cause to believe that [petitioner] suffer[ed] from a mental disease or defect that intefere[d] with his ability to understand the nature and consequences of entering a plea of guilty." United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010); see United States v. Panagopoulos, 457 F. App'x 279, 281 (4th Cir. 2011).

For the foregoing reasons, the court finds that petitioner has not presented any evidence to support a finding that his counsel acted unreasonably with respect to his investigation of petitioner's mental competency, and has not satisfied the first prong of the Strickland test. Therefore, the court DENIES petitioner's ineffective assistance of trial counsel claim.

b. Ineffective Assistance of Appellate Counsel

In his second ineffective assistance of counsel claim, petitioner argues that his appellate counsel was ineffective because he failed to raise the following claims on appeal: (1) his mental competency; (2) trial counsel's failure to request a downward departure pursuant to United States Sentencing Guideline § 5H1.3; and (3) trial counsel's failure to request an additional one point reduction pursuant to U.S.S.G. § 3E1.1(b)(2) for acceptance of responsibility.

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

5

Here, as discussed above, the court already has determined that petitioner's trial counsel acted reasonably with respect to the issue of petitioner's mental competency. Accordingly, the court finds that petitioner's appellate counsel was not ineffective for failing to raise the issue.

The court also finds that the record reflects that petitioner received a one point reduction in his criminal history score for acceptance of responsibility. Accordingly, petitioner's appellate counsel was not ineffective for failing to raise this issue on appeal.

The court turns next to petitioner's challenge to his appellate counsel's alleged failure to request a downward departure pursuant to U.S.S.G. § 5H1.3. Section 5H1.3 provides: "Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." A petitioner may obtain a departure on these grounds only if "the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." United States v. DeBeir, 186 F.3d 561, 566 (4th Cir. 1999) (quotation omitted); U.S.S.G. § 5K2.0(a)(4).

Here, petitioner has not submitted evidence to suggest mental or emotional conditions rising to level of those contemplated by § 5H1.3. Moreover, as stated, the magistrate judge and the court both fully considered petitioner's alleged mental/emotional condition during his plea hearing and at sentencing. Thus, petitioner is unable to establish cause or prejudice for his procedural default as to any of his ineffective assistance of appellate counsel claims. Accordingly, respondent's motion to dismiss is GRANTED as to these claims.

6

c.  Challenge to Sentence

Petitioner alleges that "he was [s]entenced wrongly" and in violation of 18 U.S.C. § 3553(a). (DE # 47, p. 9). Petitioner raised this claim on direct appeal, and the Fourth Circuit Court of Appeals rejected the claim. See United States v. Garrett, 381 F. App'x 279, 281 (4th Cir. 2010). "It is well established that a § 2255 petition cannot be used to re-litigate questions which were raised and considered on direct appeal." United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009). Thus, the court GRANTS respondent's motion for summary judgment for this claim.

B.  Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional

7

right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons stated, petitioner's objection is without merit. Accordingly, following the recommendation of the magistrate judge, respondent's motion to dismiss (DE 52) is GRANTED, and petitioner's § 2255 petition (DE 43, 47) is DISMISSED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close the case file.

SO ORDERED, this the 17 day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge